UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

Toni Fore

**On behalf of herself and
all others similarly situated**

    Plaintiffs

v.                                              Case No. _____

**Froedtert Health Inc.**

    Defendant.

## COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants state as follows:

1. This is a collective action under the Fair Labor Standards Act, and an individual and class action under Wisconsin law by Plaintiffs, current and former hourly employees of the Defendant, to seek redress for Froedtert Health Inc. ("Froedtert")'s failure to pay to them straight time and overtime pay required by the FLSA and Wisconsin law.

### JURISDICTION AND VENUE

2. This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. §201 et seq.

3. This Court has supplemental jurisdiction over the Plaintiff's claims brought under Wisconsin law pursuant to 28 U.S.C. §1367 because they are based upon the same nucleus of operative facts, and therefore form the same case or controversy as their FLSA claims.

1

4. This Court has personal jurisdiction over the Defendant because virtually all of its business activities occur in the Eastern District of Wisconsin.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because all of the events giving rise to the claims described herein, in particular those events that pertain to the Named Plaintiffs, occurred in this district.

## THE PARTIES

6. Named Plaintiff Toni Fore is an adult resident of the State of Wisconsin who worked for Froedtert as a Patient Access Service Representative at the Sargeant Health Center. A copy of the FLSA consent signed by Fore is filed with the Court simultaneously with this Complaint.

7. Defendant Froedtert is a Wisconsin corporation operating numerous hospitals, clinics, and other healthcare related facilities and businesses in Southeastern Wisconsin.

8. Froedtert by virtue of its operations within Wisconsin is an employer within the meaning of Wis. Stat. §109.03(1). Froedtert is also an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §203, by, for example, purchasing equipment, materials, and other supplies that were directly or indirectly produced outside Wisconsin, and by providing services to patients from other states. At all relevant times, Froedtert has had annual gross volume of business at or above $500,000.

## FACTS

9. Plaintiff was required to attend training at a central facility that Froedtert used for all of its employee trainings. The trainings, whether concerning the Plaintiff's work at the Sargeant Health Center or how to use EPIC software that the Plaintiffs used in her day to day work, were

2

designed to make the Plaintiffs better at performing her current job as a Patient Access Service Representative.

10. Because the trainings did not take the entire day, and because the Plaintiff was required to perform her regular work following the completion of training, Plaintiff had travel between the training site and her regular worksite in order to perform all of her required work as assigned to her by Froedtert.

11. While Froedtert did pay Plaintiff for her time spent attending training, Plaintiff was not paid for her time spent traveling between the training site and her regular worksite.

12. Froedtert reimbursed the Plaintiff the cost of her gym membership.

13. Every six months, Froedtert paid to the Plaintiff wellness incentives in exchange for points earned by the Plaintiff while watching videos that would address how she should live in a healthier manner, so that she would be more available for, and more productive at work; and so that Froedtert can reduce its healthcare costs as its employee population becomes healthier.

14. Froedtert used a defined formula to convert points earned by the employee into wellness payments paid to the employee; so that both the fact and amount of the wellness payments were guaranteed once the employee earned points by watching videos.

15. Froedtert withheld taxes from wellness payments made to the Plaintiff just like it withheld taxes from other compensation for employment that it paid to the Plaintiff.

16. Plaintiff regularly worked more than 40 hours per week in that she was regularly scheduled to work 8 hours per day and 5 days per week, was expected to work in addition six Saturdays per year; and was expected to work more than 8 hours per day on days when the employer was short-handed.

3

17. When Plaintiff did receive overtime pay from Froedtert, wellness payments and gym membership payments were not included in the regular rate that Froedtert used to compute her overtime pay.

18. Plaintiff needed access to EPIC software to access patient information in order to perform her assigned work for Froedtert such as, for example, scheduling patients for appointments.

19. On a nightly basis Froedtert required the Plaintiff to shut down her computer, lest janitorial staff and others who had access to the Clinic would be able to access patient information on her computer. Froedtert frequently informed Plaintiff of her obligation to shut down her computer when she was leaving to ensure the confidentiality of patient information.

20. At the beginning of the day, in order to access EPIC Software and perform her regular job responsibilities, Plaintiff had to turn on her computer.

21. Plaintiff would sign into Kronos, at which point her compensable work time would start, only after she had successfully and completely turned her computer on. Plaintiff would access EPIC software after she signed into Kronos. Plaintiff thus was paid for her time access EPIC Software, but not for her time spent turning on her computer that made accessing the EPIC software possible.

22. At the end of the day Plaintiff was required to turn off her computer before leaving for the day. Plaintiff would always sign out of Kronos, at which point her compensable work time would end, before she began the process of turning off her computer.

23. Because Plaintiff had to be sure that her computer was completely turned off, so that no one else could access patient information on her computer, Plaintiff had to wait until her

4

computer was completely shut down, including for example the installation of software updates, before leaving for the day.

24. Because Plaintiff was ordinarily paid for at least 40 hours per week, counting her time spent turning on and turning off her computer would increase her work time to beyond 40 hours per week, thus entitling her to additional overtime pay that she did not receive.

25. Plaintiff's work schedule required her to work on both first and second shift, as those shifts were defined by Froedtert.

26. Plaintiff would perform the exact same work for Froedtert whether she was working on first shift or second shift.

27. For her hours worked on second shift Plaintiff received a ten percent premium on top of her wage rate for first shift work.

28. If the Plaintiff's overtime hours worked occurred during defined first shift hours, Plaintiff would receive overtime pay equal to 1.5 times her first shift wage rate, rather than 1.5 times her higher average straight time wage rate earned during the workweek.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings her First Claim for Relief, pursuant to the Fair Labor Standards Act, on her own behalf and on behalf of all other similarly situated Froedtert hourly employees whose (a) travel time between paid training and their work site was neither counted as hours worked nor paid; and (b) received wellness pay and health club membership reimbursements that Froedtert failed to include when computing their regular rate used to pay their overtime pay.

30. Plaintiff additionally brings her First Claim for Relief, pursuant to the Fair Labor Standards Act, on her own behalf and on behalf of all other similarly situated Froedtert hourly

employees who were paid based on their punch-in and punch-out times on Kronos or another similar system, and would turn on their computers before punching into Kronos and/or punch out of Kronos before turning off their computers.

31. Plaintiff additionally brings her First Claim for Relief, pursuant to the Fair Labor Standards Act, on her own behalf and on behalf of all other similarly situated Froedtert hourly employees who was paid a shift differential for some hours worked during the workweek, but received overtime pay for hours worked during the lower paid shift equal to 1.5 times the lower pay rate, rather than 1.5 times their higher average straight time wage rate earned during the workweek.

32. The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b), for prospective members of the FLSA Class that are similarly situated to Plaintiff and have claims similar to her first claim for relief.

33. The claims of the Named Plaintiffs are representative of the claims of members of the FLSA Class in that all members of the class were hourly paid employees of Froedtert, and suffered underpayments of overtime pay as a result of Froedtert's uniform policies of (a) excluding travel time between paid training and the worksite from hours worked; (b) excluding wellness payments and health club membership reimbursements from the regular rate used to compute overtime pay; (c) not counting as hours worked time spent by the Plaintiffs turning on and turning off their computers, which occurred when they were not punched in on Kronos; and (d) computing overtime pay using the rate for the lower paid shift rather than the regular rate for employees who worked on more than one shift, and thus received shift differential pay during the week.

6

## CLASS ALLEGATIONS

34. Plaintiff seeks to represent a class of all employees of Froedtert who fall within any of the following four subclasses pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All hourly paid employees of Froedtert who travelled between the site for paid training and their work site, during the time period of October 10, 2017 to the present;
>
> All hourly paid employees of Froedtert who received wellness payments and/or health club membership reimbursements during the time period of October 10, 2017 to the present;
>
> All hourly paid employees of Froedtert who, during the time period of October 2017 to the present, worked on more than one shift during the workweek and as a result received some shift differential pay for the workweek;
>
> All hourly paid employees of Froedtert who, during the time period of October 10, 2017 to the present, had their hours worked determined based on time clock punches registered on the Kronos system and either turned on their computer(s) before they were logged onto the Kronos system, or turned off their computers after they were logged off the Kronos system.

35. The persons in the class identified above are so numerous that joinder of all members is impracticable. Based on the fact that Froedtert at any given time would employ up to ten thousand hourly employees, Plaintiffs believe there are hundreds if not thousands of members in each proposed subclass.

36. There are questions of law and fact common to the Wisconsin Unpaid Wage Class (Rule 23 Class) that predominate over any questions solely affecting individual members of the class, including, but not limited to:

> (a). Whether the Plaintiffs' paid training was compensable work time when the training was required and/or related to making the Plaintiffs better at performing their current jobs for Froedtert;

7

(b). Whether travel during the workday between work locations must both be counted as hours worked; and must be paid with separate hourly pay;

(c). Whether wellness payments and health club membership reimbursements must be included when computing the regular rate of pay under DWD §274.03;

(d). Whether time spent by the Plaintiffs turning on their computers, when the computers and their programs were required by the employees' work, constituted hours worked under Wisconsin law;

(e). Whether time spent by the Plaintiffs turning off their computers, when they needed to make sure the computers were turned off to protect Froedtert's expressed concerns over the confidentiality of patient records, constituted hours worked under Wisconsin law; and

(f). Whether under Wisconsin law overtime pay must be computed using the employee's regular rate; or in the alternative whether Froedtert cannot take advantage of the Wisconsin equivalent of §207(g)(2) of the FLSA when the Plaintiffs performed the same work but received different wage rates for working on different shifts; and when Froedtert did not properly compute overtime pay on all compensation paid to its employees that must be included in the regular rate.

37. Plaintiff's claims are typical of those of the Rule 23 class in that she just like the proposed class was not paid for time spent traveling between paid training and her worksite, was paid wellness payments and health club membership reimbursements that Froedtert failed to include when computing her regular rate for overtime pay; received overtime pay equal to time and a half the wage rate for the lower paid shift rather than time and a half the higher regular rate she earned during the workweek, and was not paid for time spent turning on and off her computer that occurred when she was not logged onto the Kronos system.

38. Named Plaintiff will fairly and adequately protect the interests of the Rule 23 class; and have retained counsel experienced in complex wage and hour litigation.

39. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Defendant's common and uniform policies and practices denied

the Wisconsin Unpaid Wage Class the wages for work performed to which they are entitled. The damages suffered by the individual Wisconsin Unpaid Wage Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will permit the Court to resolve predominate legal questions that drive the resolution of this litigation, while obviating the need for unduly duplicative litigation that might result in inconsistent judgments about the legality of the Defendant's pay practices.

**Count I.     Overtime Pay Claim Under the Fair Labor Standards Act.**

40.     Plaintiff re-alleges, and incorporates by reference, the allegations contained in paragraphs 1- 39 of the Complaint.

41.     The Plaintiff's time spent at training, for which she received pay from Froedtert, constituted hours worked under the FLSA in that she was required by Froedtert to attend the training; and because the training was designed to enable her to handle her current job more effectively.

42.     Plaintiff's time spent traveling between work locations, such as the location where she received compensable training and her regular work location, constitute travel that is all in a day's work under the FLSA.

43.     Plaintiff's wellness payments are more analogous to bonuses that are discretionary in neither the fact of payment nor amount; and less analogous to loss time payments and expense reimbursements excluded from the regular rate under §207(e)(2) of the FLSA, so that the wellness payments must be included in the regular rate under §207(e) of the FLSA.

44. Plaintiff's health club membership was primarily for her own rather than Froedtert's benefit, so that reimbursement of costs for the membership that she received cannot be excluded from the regular rate of pay under §207(e)(2) of the FLSA.

45. Plaintiff's time spent turning on her computer is an indispensable part of her principal work activity, since she cannot perform her regular work without access to EPIC software, which is not possible if her computer is not turned on.

46. Plaintiff's time spent waiting for her computer to turn off is a principal activity when Froedtert required Plaintiff to safeguard patient information on her computer, and when she could not ensure that unauthorized persons would not have access to patient information on her computer without making sure her computer was turned off at the end of the workday.

47. Froedtert underpaid overtime pay to the Plaintiff by failing to count as hours worked her time spent traveling between the training site and worksite, and her time spent turning on and turning off her computer while she was off the Kronos system.

48. Froedtert underpaid overtime pay to the Plaintiff by failing to include the wellness payments and health club membership cost reimbursements in the regular rate used to compute her overtime pay.

49. Froedtert underpaid overtime pay to the Plaintiff by using the §207(g)(2) exception method rather than the regular rate to compute the Plaintiff's overtime pay when the Plaintiff performed the same type of work but was paid different rates while working on different shifts, and when Froedtert did not include wellness payments and health club membership cost reimbursements when computing the Plaintiff's regular rate.

50. Froedtert either knew, or should have known that its method of determining hours worked and computing overtime pay for the Plaintiff violated the FLSA, so that Plaintiff is entitled to recover, in addition to all overtime wages owed to her, an equal amount as liquidated damages; plus the application of a three years statute of limitations.

51. Plaintiff is entitled to recover from Froedtert her reasonable attorneys' fees and costs incurred in bringing this count of the Complaint.

**Count II.    Claim for Straight Time and Overtime Pay Under Wisconsin Law.**

52. Plaintiff re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 51 of the Complaint.

53. Plaintiff's time spent traveling between the training site and her regular work site and turning on and turning off her computer while off the Kronos system constitute hours worked under Wisconsin law for the same reasons that they constitute hours worked under the FLSA.

54. Because DWD §274.03 uses the same concept of the regular rate as the FLSA, Plaintiff's wellness payments and health club membership cost reimbursements must be included in the regular rate under DWD §274.03 for the same reasons that they must be included in the regular rate under the FLSA.

55. Because Wisconsin law requires the payment of all wages rather than just minimum wages, Plaintiff is entitled to straight time pay at her regular rates for all of her hours worked that Froedtert failed to compensate.

56. Plaintiff is entitled to additional overtime pay she would have received had Froedtert included all of her hours worked, all of the straight time compensation she should have

received for her hours worked, and all wellness payments and health club membership cost reimbursements she received in computing her overtime pay.

57. Pursuant to Wis. Stat. §109.03(5), Plaintiff is entitled to maintain a lawsuit against Froedtert for all straight time and overtime wages that they are entitled to but did not receive pursuant to Wis. Stat. §109.03 and DWD Chapter 274. In such a lawsuit they are also entitled to receive the 50% increased damages authorized by Wis. Stat. §109.11(2)(a) on all straight time and overtime wages that remain unpaid at the time of the filing of this lawsuit, along with their reasonable attorneys' fees and costs of prosecuting their claims as authorized by Wis. Stat. §109.03(6).

WHEREFORE, the Plaintiffs respectfully request the Court to enter an order that:

1. Finds that Froedtert is liable to the plaintiff and all members of the proposed collective action for all unpaid overtime pay, 100% liquidated damages, and attorneys fees and costs arising out of the Plaintiffs' claims under the Fair Labor Standards Act;

2. Finds that Froedtert is liable to the Plaintiff and all members of the proposed Rule 23 classes for all unpaid straight time and overtime wages that they are owed under Wisconsin law, plus 50% increased damages on all unpaid wages, plus their attorneys fees and costs arising out of the Plaintiffs' claims under Wisconsin law;

3. Grants to the Plaintiff such other and further relief as the Court deems just and proper.

Dated this 10th day of October, 2019.

/s/Yingtao Ho
Yingtao Ho (State Bar No. 1045418)
yh@previant.com

Joe Sexauer (State Bar No. 1103206)
jms@previant.com
The Previant Law Firm S.C.
310 W. Wisconsin Ave. Suite 100MW
Milwaukee, WI 53212
(414) 271-4500
(414) 271-6308 (fax)

13

Consent to Opt In and
Participate as a Named Plaintiff in Suit for
Violations of Fair Labor Standards Act

I, Toni Fore, hereby consents to participate in the lawsuit against Froedtert Health Inc. ("Employer"). I understand that this consent will be filed simultaneously with a lawsuit against Employer to recover unpaid overtime compensation, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years, Employer has failed to pay to me overtime pay required by the Fair Labor Standards Act.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Dated: 10-09-19

Signed: *[signature]*