**Toni Fore**

**On behalf of herself and
all others similarly situated**

    **Plaintiffs**

    **v.**                                                                            Case No. 19CV1488

**Froedtert Health Inc.**

    **Defendant.**

## FIRST AMENDED COMPLAINT

Plaintiffs, by their attorneys, for their First Amended Complaint against Defendants state as follows:

1. This is a collective action under the Fair Labor Standards Act, and an individual and class action under Wisconsin law by Plaintiffs, current and former hourly employees of the Defendant, to seek redress for Froedtert Health Inc. ("Froedtert")'s failure to pay to them straight time and overtime pay required by the FLSA and Wisconsin law.

### JURISDICTION AND VENUE

2. This court has subject matter jurisdiction under 29 USC §216(b) and 28 U.S.C. §1331 because Plaintiff alleges violations of the FLSA, 29 U.S.C. §201 et seq.

3. This Court has supplemental jurisdiction over the Plaintiff's claims brought under Wisconsin law pursuant to 28 U.S.C. §1367 because they are based upon the same nucleus of operative facts, and therefore form the same case or controversy as their FLSA claims.

4. This Court has personal jurisdiction over the Defendant because virtually all of its business activities occur in the Eastern District of Wisconsin.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2) because all of the events giving rise to the claims described herein, in particular those events that pertain to the Named Plaintiffs, occurred in this district.

## THE PARTIES

6. Named Plaintiff Toni Fore is an adult resident of the State of Wisconsin who worked for Froedtert as a Patient Access Service Representative at the Sargeant Health Center. A copy of the FLSA consent signed by Fore was filed with the Court at the same time that the Plaintiffs filed the original complaint with the Court.

7. Defendant Froedtert is a Wisconsin corporation operating numerous hospitals, clinics, and other healthcare related facilities and businesses in Southeastern Wisconsin.

8. Froedtert by virtue of its operations within Wisconsin is an employer within the meaning of Wis. Stat. §109.03(1). Froedtert is also an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §203, by, for example, purchasing equipment, materials, and other supplies that were directly or indirectly produced outside Wisconsin, and by providing services to patients from other states. At all relevant times, Froedtert has had annual gross volume of business at or above $500,000.

## FACTS

9. Plaintiff was required to attend training at a central facility that Froedtert used for all of its employee trainings. The trainings, whether concerning the Plaintiff's work at the Sargeant Health Center or how to use EPIC software that the Plaintiffs used in her day to day work, were

2

designed to make the Plaintiffs better at performing her current job as a Patient Access Service Representative.

10. Because the trainings did not take the entire day, and because the Plaintiff was required to perform her regular work following the completion of training, Plaintiff had travel between the training site and her regular worksite in order to perform all of her required work as assigned to her by Froedtert.

11. While Froedtert did pay Plaintiff for her time spent attending training, Plaintiff would punch out when she departed from the training facility and would punch back in when she returned to and was ready to work at the Sargeant Health Center.

12. There were other workdays when the Plaintiff would punch out for, and then punch back in from lunch.

13. If Plaintiff did punch out and then punch back on the same day, she was never paid for the time between the punch out and the punch in even if the time was less than 30 minutes, though Froedtert would not deduct any other meal break from the Plaintiff on such days.

14. As a part of the Plaintiff's package of compensation while working for Froedtert, Froedtert paid her $20 during the following month if she attended a qualified fitness center at least 8 times during the preceding month.

15. As a part of the Plaintiff's package of compensation while working for Froedtert, Froedtert paid to the Plaintiff monetary amounts if she would complete Life XT Online Modules or Life XT Coaching sessions.

3

16. As a part of the Plaintiff's package of compensation while working for Froedtert, she received a weekend premium, equal to substantially less than ½ of her regular rate, for each and every hour that she worked on weekends.

17. Froedtert announced the payments outlined in paragraphs 14-16 of the First Amended Complaint long before their payment and used fix formulas to determine the amount of payments, so that both the fact and amount of payments were announced long before the compensation was paid to the Plaintiffs.

18. Froedtert withheld income, Social Security, and Medicare taxes from the payments outlined in paragraphs 14-16 of the First Amended Complaint, just like it would withhold taxes from any other compensation for employment that it paid to the Plaintiffs.

19. When the Plaintiff regularly more than 40 hours per week, her regular rate always equaled the straight time rate for the time and type of work that she was performing during overtime hours.

20. Froedtert did not include the payments described in paragraphs 14-16 of the First Amended Complaint, each of which the Plaintiff actually received during workweeks when she worked more than 40 hours, in her regular rate for the workweeks used to compute overtime pay.

21. Plaintiff needed access to EPIC software to access patient information in order to perform her assigned work for Froedtert such as, for example, scheduling patients for appointments.

22. On a nightly basis Froedtert required the Plaintiff to shut down her computer, lest janitorial staff and others who had access to the Clinic would be able to access patient information

4

on her computer. Froedtert frequently informed Plaintiff of her obligation to shut down her computer when she was leaving to ensure the confidentiality of patient information.

23. At the beginning of the day, in order to access EPIC Software and perform her regular job responsibilities, Plaintiff had to turn on her computer first.

24. Plaintiff would sign into Kronos, at which point her compensable work time would start, only after she had successfully and completely turned her computer on. Plaintiff would access EPIC software after she signed into Kronos. Plaintiff thus was paid for her time spent accessing EPIC Software, but not for her time spent turning on her computer that made accessing EPIC software possible.

25. At the end of the day Plaintiff was required to turn off her computer before leaving for the day. Plaintiff would always sign out of Kronos, at which point her compensable work time would end, before she began the process of turning off her computer.

26. Because Plaintiff had to be sure that her computer was completely turned off, so that no one else could access patient information on her computer, Plaintiff had to wait until her computer was completely shut down, including for example the installation of software updates, before leaving for the day.

27. Froedtert rounded the Plaintiff's punch times to the nearest quarter hour for the purpose of determining the amount of compensation she was entitled to.

28. There were workdays when counting the time when the Plaintiff started to turn on her computer, rather than the time she signed onto Kronos as her start time would have affected the rounding of her start time, so that she was entitled to credit for an additional quarter hour worked.

5

29. There were workdays when counting the time when the Plaintiff finished turning off her computer, rather than the time she signed off Kronos as her end time would have affected the rounding of her end time, so that she was entitled to credit for an additional quarter hour worked.

30. Because Plaintiff was frequently paid for 40 or more hours per week, counting an additional quarter hour worked per day, as described in paragraphs 26 and 27 of the First Amended Complaint, sometimes would have resulted in the Plaintiff receiving additional overtime pay during the workweek.

31. Upon information and belief, and based upon documents received to date, Plaintiff was not paid at all for her hours worked during the time period of December 26, 2018 to January 3, 2019.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings her First Claim for Relief, pursuant to the Fair Labor Standards Act, on her own behalf and on behalf of all other similarly situated Froedtert hourly employees whose (a) travel time between paid training and their work site was neither counted as hours worked nor paid; and (b) received pay pursuant to the Health XT Program, for fitness center attendance, or for working on weekends that Froedtert failed to include when computing their regular rate used to pay their overtime pay.

33. Plaintiff additionally brings her First Claim for Relief, pursuant to the Fair Labor Standards Act, on her own behalf and on behalf of all other similarly situated Froedtert hourly employees who were paid based on their punch-in and punch-out times on Kronos or another similar system rather than when they started or finished turning on/turning off their computers.

34. The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b), for prospective members of the FLSA Class that are similarly situated to Plaintiff and have claims similar to her first claim for relief.

35. The claims of the Named Plaintiffs are representative of the claims of members of the FLSA Class in that all members of the class were hourly paid employees of Froedtert, and suffered underpayments of overtime pay as a result of Froedtert's uniform policies of (a) excluding travel time between paid training and the worksite from hours worked; (b) excluding payments received pursuant to the Health XT program, for attending fitness centers, and for working on weekends from the regular rate used to compute overtime pay; (c) not counting as hours worked time spent by the Plaintiffs turning on and turning off their computers, which occurred when they were not punched in on its timekeeping software.

**CLASS ALLEGATIONS**

36. Plaintiff seeks to represent a class of all employees of Froedtert who fall within any of the following four subclasses pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All hourly paid employees of Froedtert who travelled between the site for paid training and their work site, during the time period of October 10, 2017 to the present;
>
> All hourly paid employees of Froedtert who received payments pursuant to the Health XT Program, for attending health centers, or for working on weekends during the time period of October 10, 2017 to the present;
>
> All hourly paid employees of Froedtert who, during the time period of October 10, 2017 to the present, had their hours worked determined based on time clock punches registered on Froedtert's timekeeping system and either turned on their computer(s) before they were logged onto the timekeeping system, or turned off their computers after they were logged off the timekeeping system.

All hourly paid employees of Froedtert who during the time period of October 10, 2017 to the present reported through their time punches a meal break of less than 30 minutes in duration; and had the meal break of less than 30 minutes in duration deducted from their work time.

37. The persons in the class identified above are so numerous that joinder of all members is impracticable. Based on the fact that Froedtert at any given time would employ up to ten thousand hourly employees, Plaintiffs believe there are hundreds if not thousands of members in each proposed subclass.

38. There are questions of law and fact common to the Wisconsin Unpaid Wage Class (Rule 23 Class) that predominate over any questions solely affecting individual members of the class, including, but not limited to:

(a). Whether the Plaintiffs' paid training was compensable work time when the training was required and/or related to making the Plaintiffs better at performing their current jobs for Froedtert;

(b). Whether under Wisconsin law a meal break must be longer than 30 minutes in duration, so that if the difference between Fore's punch out time and punch in time on the same day excluding travel time from the training site to her worksite (if any) was less than 30 minutes her meal break is compensable under Wisconsin law;

(c). Whether travel during the workday between work locations must both be counted as hours worked; and must be paid with separate hourly pay;

(d). Whether payments made pursuant to the Health XT Program, for attending fitness centers, or for working on weekends must be included when computing the regular rate of pay under DWD §274.03;

(e). Whether time spent by the Plaintiffs turning on their computers, when the computers and their programs were required by the employees' work, constituted hours worked under Wisconsin law;

(f). Whether time spent by the Plaintiffs turning off their computers, when they needed to make sure the computers were turned off to protect Froedtert's expressed concerns over the confidentiality of patient records, constituted hours worked under Wisconsin law.

8

39. Plaintiff's claims are typical of those of the Rule 23 class in that she just like the proposed class was not paid for time spent traveling between paid training and her worksite, received payments pursuant to the Health XT Program, for attending fitness centers, or for working on weekends that Froedtert failed to include when computing her regular rate for overtime pay; had lunch breaks of less than 30 minutes in duration as recorded by her punch times deducted from her hours worked; and would have received credit for additional hours worked if her start and end times were rounded based on the time when she turned on/turned off her computer, rather than when she logged onto/logged off the Kronos System.

40. Named Plaintiff will fairly and adequately protect the interests of the Rule 23 class; and have retained counsel experienced in complex wage and hour litigation.

41. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Defendant's common and uniform policies and practices denied the Wisconsin Unpaid Wage Class the wages for work performed to which they are entitled. The damages suffered by the individual Wisconsin Unpaid Wage Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will permit the Court to resolve predominate legal questions that drive the resolution of this litigation, while obviating the need for unduly duplicative litigation that might result in inconsistent judgments about the legality of the Defendant's pay practices.

**Count I.     Overtime Pay Claim Under the Fair Labor Standards Act.**

42. Plaintiff re-alleges, and incorporates by reference, the allegations contained in paragraphs 1- 41 of the First Amended Complaint.

9

43. The Plaintiff's time spent at training, for which she received pay from Froedtert, constituted hours worked under the FLSA in that she was required by Froedtert to attend the training; and because the training was designed to enable her to handle her current job more effectively.

44. Plaintiff's time spent traveling between work locations, such as the location where she received compensable training and her regular work location, constitute travel that is all in a day's work under the FLSA.

45. As a part of her remuneration with Froedtert, Plaintiff became eligible for payments for her participation in the Health XT Program, for her attendance at qualifying fitness centers, and for her work for Froedtert on weekends.

46. Plaintiff's premium pay for working on weekends, because it equaled less than ½ of her regular rate, cannot be excluded from her regular rate under §207(e)(6) of the FLSA.

47. Plaintiff's payments for her participation in the Health XT Program and for her fitness center attendance are more analogous to bonuses that are discretionary in neither the fact of payment nor amount; and less analogous to loss time payments and expense reimbursements excluded from the regular rate under §207(e)(2) of the FLSA, so that the payments must be included in the regular rate under §207(e) of the FLSA.

48. Plaintiff's time spent turning on her computer is an indispensable part of her principal work activity, since she cannot perform her regular work without access to EPIC software, which is not possible if her computer is not turned on.

49. Plaintiff's time spent waiting for her computer to turn off is a principal activity when Froedtert required Plaintiff to safeguard patient information on her computer, and when she

10

could not ensure that unauthorized persons would not have access to patient information on her computer without making sure her computer was turned off at the end of the workday.

50. Froedtert underpaid overtime pay to the Plaintiff by rounding the Plaintiff's hours worked based on the time when she logged onto/off the Kronos system, rather than the time when she started/finished working by turning on or turning off her computer.

51. Froedtert underpaid overtime pay to the Plaintiff by failing to include payments she received under the Health XT Program, for her fitness center attendance, and for working on weekends in the regular rate used to compute her overtime pay.

52. Froedtert underpaid minimum wage and overtime pay to the Plaintiff by failing to compensate her at all for her hours worked between December 26, 2018 and January 3, 2019.

53. Froedtert either knew, or should have known that its method of determining hours worked and computing overtime pay for the Plaintiff violated the FLSA, so that Plaintiff is entitled to recover, in addition to all overtime wages owed to her, an equal amount as liquidated damages; plus the application of a three years statute of limitations.

54. Plaintiff is entitled to recover from Froedtert her reasonable attorneys' fees and costs incurred in bringing this count of the First Amended Complaint.

**Count II.     Claim for Straight Time and Overtime Pay Under Wisconsin Law.**

55. Plaintiff re-allege, and incorporate by reference, the allegations contained in paragraphs 1- 54 of the First Amended Complaint.

56. Plaintiff's time spent traveling between the training site and her regular work site and turning on and turning off her computer while off the Kronos system constitute hours worked under Wisconsin law for the same reasons that they constitute hours worked under the FLSA.

11

57. Under DWD §274.02(3) meal breaks of less than 30 minutes in duration must count as hours worked and must be paid, so that Froedtert violated Wisconsin law by deducting from the Plaintiff the difference between her punch out time and her punch in time for lunch, when the duration of the reported meal break excluding straight line travel time from the training facility back to the Plaintiff's worksite (if applicable) was less than 30 minutes.

58. Because DWD §274.03 uses the same concept of the regular rate as the FLSA, Plaintiff's payments received pursuant to the Health XT Program, for her attendance at fitness centers, and for working on weekends must be included in the regular rate under DWD §274.03 for the same reasons that they must be included in the regular rate under the FLSA.

59. Froedtert additionally violated Wisconsin law by rounding the Plaintiff's log on and log off times on Kronos, rather than her actual start and end times, to determine the number of hours she is entitled to be paid each day.

60. Because Wisconsin law requires the payment of all wages rather than just minimum wages, Plaintiff is entitled to straight time pay at her regular rates for all of her hours worked that Froedtert failed to compensate.

61. Plaintiff is entitled to additional overtime pay she would have received had Froedtert included all of her hours worked, all of the straight time compensation she should have received for her hours worked, and all Health XT, fitness center attendance, and weekend work payments she received in computing her overtime pay.

62. Pursuant to Wis. Stat. §109.03(5), Plaintiff is entitled to maintain a lawsuit against Froedtert for all straight time and overtime wages that she is entitled to but did not receive pursuant to Wis. Stat. §109.03 and DWD Chapter 274. In such a lawsuit she is also entitled to receive the

12

50% increased damages authorized by Wis. Stat. §109.11(2)(a) on all straight time and overtime wages that remain unpaid at the time of the filing of this lawsuit, along with her reasonable attorneys' fees and costs of prosecuting their claims as authorized by Wis. Stat. §109.03(6).

WHEREFORE, the Plaintiffs respectfully request the Court to enter an order that:

1. Finds that Froedtert is liable to the plaintiff and all members of the proposed collective action for all unpaid overtime pay, 100% liquidated damages, and attorneys fees and costs arising out of the Plaintiffs' claims under the Fair Labor Standards Act;

2. Finds that Froedtert is liable to the Plaintiff and all members of the proposed Rule 23 classes for all unpaid straight time and overtime wages that they are owed under Wisconsin law, plus 50% increased damages on all unpaid wages, plus their attorneys fees and costs arising out of the Plaintiffs' claims under Wisconsin law;

3. Grants to the Plaintiff such other and further relief as the Court deems just and proper.

Dated this 10th day of February, 2020.

/s/Yingtao Ho_____
Yingtao Ho (State Bar No. 1045418)
yh@previant.com

Joe Sexauer (State Bar No. 1103206)
jms@previant.com
The Previant Law Firm S.C.
310 W. Wisconsin Ave. Suite 100MW
Milwaukee, WI 53212
(414) 271-4500
(414) 271-6308 (fax)