# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TONI FORE, *individually and on behalf of all others similarly situated*,

Plaintiff,

v.

FROEDTERT HEALTH, INC.,

Defendant.

Case No. 19-CV-1488-JPS

**ORDER**

On October 10, 2019, Plaintiff filed this class and collective action alleging violations of the Fair Labor Standards Act ("FLSA") and Wisconsin state law. (Docket #1). On March 5, 2021, the parties informed the Court that they reached a settlement and submitted an undisputed preliminary motion for settlement approval of the class and collective action. (Docket #95). In connection with this settlement, the parties filed a stipulated motion for class and collective certification pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") and Section 216(b) of the FLSA. (Docket #94). They also filed a stipulation to clarify that the second amended complaint, (Docket #39-1), is the operative complaint in this case. (Docket #93).[1] Finally, on June 9, 2021, the parties filed a stipulation to amend the settlement agreement to correct a clerical error in the description of the FLSA Collective Members. (Docket #99). The Court has reviewed the stipulations, and will adopt them for the purposes of considering the class and collective settlement.

---

[1] That complaint adds Diamond Griffith as one of the named plaintiffs.

Prior to settlement, the Court must approve the parties' settlement agreement. *See* Fed. R. Civ. P. 23(e). The Court's task is to determine whether the settlement is "fair, adequate, reasonable, and not a product of collusion." *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 279 (7th Cir. 2002). At this stage, all facts weigh in favor of finding a fair settlement in this case. After engaging in discovery and months of settlement negotiations, including a mediation before Magistrate Judge William E. Callahan, the parties have reached a settlement that addresses the issues raised in the operative complaint and constitutes a resolution of a *bona fide* dispute as to liability. (Docket #95-1 at 1–2). The settlement provides for a total monetary payment of up to $1,200,000, which includes attorneys' fees and costs. *Id.* at 8. The settlement amount was calculated to encompass various costs including: payments to participating class and collective members, court-approved plaintiff service payments in the amount of up to $15,000, the cost of a third-party settlement administration, and tax liability. *Id.* At this time, no one has objected to the settlement agreement (the "Agreement"). Thus, the Court finds no barrier to preliminary approval of the parties' settlement.

The Court will therefore grant the parties' joint motion for preliminary approval of class and collective action settlement (Docket #95) and will incorporate their proposed items of relief below, to manage the settlement process and ultimately conclude this litigation.

Accordingly,

**IT IS FURTHER ORDERED** that the parties' stipulation to amend complaint (Docket #93) be and the same is hereby **ADOPTED**; the operative complaint in this matter is the second amended complaint, (Docket #39-1), and the docket should reflect the addition of Diamond Griffith as a plaintiff;

**IT IS FURTHER ORDERED** that the parties' stipulation to certify a class action pursuant to Federal Rule of Civil Procedure 23 and a collective action pursuant to Section 216(b) of the FLSA (Docket #94) be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that the Rule 23 Class defined in the stipulation is certified pursuant to Rule 23(c)(1). The Court finds that this class meets the requirements of Rule 23(a) and (b)(3). The Rule 23 Class is defined as follows:

> All individuals employed by Defendant as non-exempt employees during the period of October 10, 2017 through the date of the Court's Preliminary Approval of the parties' settlement agreement.

**IT IS FURTHER ORDERED** that the Section 216(b) collective is defined as follows:

> All persons who were employed by Froedtert as hourly non-exempt employees during the time period of October 10, 2016 to the date the Court grants preliminary approval to the parties' settlement agreement.

**IT IS FURTHER ORDERED** that Plaintiffs Toni Fore and Diamond Griffith shall serve as Class Representatives of the Rule 23 class and Section 216(b) collective;

**IT IS FURTHER ORDERED** that Previant Law Firm, S.C. is hereby appointed as Class Counsel of the Rule 23 Class and Section 216(b) collective;

**IT IS FURTHER ORDERED** that the parties' joint motion for preliminary approval of class and collective action settlement, (Docket #95), be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the Court:

1. Preliminarily approves the parties' Settlement Agreement (titled "Joint Stipulation of Settlement and Release"), which is attached to the parties' joint motion for preliminary approval, (Docket #95-1), as a fair, reasonable, and adequate resolution of a bona fide dispute under the FLSA and state wage and hour law;

2. Approves the parties' "Notice of Class Action and Proposed Settlement" (hereinafter "the Notice") in a form that is substantially similar[2] to that which is attached to the Agreement, (Docket #95-2), for distribution to all opt-in plaintiffs and putative members of the Rule 23 Class and Section 216(b) collective;

3. Approves that the provision of the Notice by mail to the Class constitutes valid, due, and sufficient notice to the class and collective;

4. Authorizes the Settlement Administrator to mail the Notice to the Class and Collective Members within **thirty (30) business days** of this Order;

5. Orders that individuals who wish to opt-out of the Rule 23 Class shall have **sixty (60) days** after the mailing of the Notice to opt-out per the instructions set forth in the Notice;

6. Orders that any individual who does not opt-out shall be bound by any final order by the Court approving the Settlement Agreement;

---

[2] The Court draws counsels' attention to a drafting error at (Docket #95-2 at 4), which should be corrected. Additionally, relevant contact information should be included at the bottom of the same page. Finally, at (Docket #95-2 at 1), the sentence should read "The Plaintiffs and their attorneys. . ."

7. Orders that any Rule 23 Class member who wishes to object in any way to the proposed Settlement Agreement must file and serve such written objection(s) per the instructions set forth in the Notice, together with copies of all papers in support of his or her position;

8. Orders that the parties may file written responses to any objections no later than **seven (7) days** prior to the Fairness Hearing;

9. Orders that a joint motion for final approval of the Settlement Agreement and Plaintiff's motion for approval of attorneys' fees and costs, and any supplemental brief in support of same, be filed at least **fourteen (14) days** prior to the Fairness Hearing; and

10. Schedules a telephonic Fairness Hearing for **November 5, 2021 at 8:30 AM**. The Court will initiate the call. Counsel, as well as any members of the public that wish to participate, shall notify the Court in advance of the direct phone number at which they can be reached.

Dated at Milwaukee, Wisconsin, this 26th day of July, 2021.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge